# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 6, 2002

## STATE OF TENNESSEE v. COURTNEY ANDERSON

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 97-09924, 97-01093-97, 97-06852-57,     Joseph B. Dailey, Judge**
**97-08272-73, 97-09654-57**

---

### No. W2001-02764-CCA-R3-CD  - Filed January 6, 2003

---

The defendant appeals his resentencing of 162 years, 11months and 29 days, as excessive.  The defendant failed to provide this Court with transcripts of the sentencing hearing, the presentence report, or the guilty plea submission hearing.  Therefore, the record is insufficient and incomplete for our review.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

William L. Johnson, Memphis, Tennessee, for the appellant, Courtney Anderson.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy Weirich, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The trial court sentenced the defendant to 141 years, 11 months and 29 days after the defendant pled guilty to multiple counts of theft of property, forgery, and one count of misdemeanor possession of a handgun.  The felony convictions included Class C, D, and E offenses. The sentences are to be served consecutively to an effective sentence of 21 years, previously received in a related case.  See State v. Courtney Anderson, No. W2000-00244-CCA-R3-CD (Tenn. Crim. App. January 30, 2001).  Initially, a panel of this Court reversed the judgments of the trial court and remanded the case for clarification or correction of the respective sentences imposed and for resentencing with respect to the defendant's Class C convictions.  See State v. Courtney Anderson, No. W2000-02071-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 611, (Tenn. Crim. App. at Jackson, August 13, 2001).  This court concluded that the defendant's designation as a career offender on his Class C felony convictions was error and required correction.  The court also sought clarification of the defendant's

effective sentence, stating, "We are unable to determine from the record the number of convictions entered in this case or the effective sentences rising from the convictions." A transcript of the resentencing colloquy contained in this record is clear that in Case Numbers 97-08498, 97-09654, and 97-09655, amended judgments were entered that changed the defendant's offender status from a career offender with a 60% release eligibility to a Range III persistent offender with a 45% release eligibility. This change or correction is consistent with the prior opinion of this Court.

At the resentencing hearing, the trial court attempted to clarify the effective sentence:

THE COURT: Right. Right, so it's a hundred and twenty-six, eleven twenty-nine, plus the twenty-one on the two that he went to trial on would make it a hundred and forty-seven, eleven twenty-nine, plus the fifteen on 54 and 55 would make it a hundred and sixty-two years, eleven months and twenty-nine days.

MS. WEIRICH: Eleven months and twenty-nine days, which, I think, is where we started originally.

THE COURT: Right. Right. So that's the way I see it. Now, we'll need new judgement sheets on 54-55 and 8498?

MS. WEIRICH: Yes, sir.

THE COURT: You can take Mr. Anderson out.

From the record and the briefs, we are now fairly confident that the defendant is serving sentences in this case totaling 141 years, 11 months and 29 days. We note that the trial court also mentions the 21-year sentence from the defendant's previous case. Thus, the defendant is serving sentences totaling 162 years, 11 months and 29 days.

The defendant takes issue with the imposition of consecutive sentences and seeks a reduction in his sentence. However, reviewing this record, we find that the defendant failed to provide the transcript of the original sentencing hearing, the presentence report, or the guilty plea submission hearing. We can and did take judicial notice of our court records and retrieved the transcript of the original sentencing hearing and the presentence report in the first appeal. However, there was no transcript of the guilty plea submission hearing.

Our review of a sentencing issue is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). A de novo review obviously requires us to examine the "nature and characteristics of the criminal conduct involved." Tenn. Code Ann. § 40-35-210(b)(4). In this case, we are precluded from conducting a review of the underlying facts supporting the defendant's convictions, because these facts, which were presented and stipulated to at the guilty plea submission hearing, are not included in the record.

If the appellate record is inadequate, the reviewing court must presume that the trial court ruled correctly. See State v. Ivy, 868 S.W.2d 724; State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). The burden of providing a complete and accurate record upon appeal rests upon the appealing party. See Tenn. R. App. P. 24(b).

**CONCLUSION**

Accordingly, we affirm the judgment of the trial court.


_____

JOHN EVERETT WILLIAMS, JUDGE